1
2
3
4
5
6
7
8              **UNITED STATES DISTRICT COURT**
9              **SOUTHERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| 11  DWAYNE DAY; JUANA DAY, | CASE NO. 10cv1746-WQH-JMA |
| 12                    Plaintiffs, | ORDER |
|            vs. | |
| 13  HARRAH'S HOTEL & CASINO LAS | |
|     VEGAS; and DOES 1 through 10, | |
| 14  inclusive, | |
| 15                    Defendants. | |

16  HAYES, Judge:

17      The matter before the Court is the Motion to Dismiss Pursuant to Federal Rule of Civil

18  Procedure 12(b)(2) and (3), or in the Alternative, to Transfer Venue ("Motion to Dismiss or

19  Transfer"), filed by Defendant Harrah's Hotel & Casino Las Vegas ("Harrah's Las Vegas").

20  (ECF No. 4).

21  **I.      Background**

22      On April 1, 2010, Plaintiffs Dwayne Day and Juana Day initiated this action by filing

23  a Complaint in California Superior Court. (Giusso Decl., Ex A, ECF No. 1-1).

24      **A.      Allegations of the Complaint**

25      Plaintiffs "are husband and wife who went to the Harrah's Hotel & Casino located in

26  Las Vegas Nevada for their 13th wedding anniversary." *Id.* ¶ 1. "On or about June 29, 2008,"

27  Plaintiff Juana Day "went to Harrah's Hotel and Casino in order to get a facial and a body

28  massage at the spa. While at the spa, Juana's spa technician suggested that she get an eyebrow

waxing, so she did." *Id*. ¶ 8.  The waxing resulted in Juana Day feeling pain and having a "burned area on her brow." *Id*. ¶ 9.  Juana Day told the spa manager about the incident, and the manager "gave Juana his business card and wrote, '2 free body massages.'" *Id*.  "On or about June 29, 2008," Plaintiffs "decided to upgrade the [free] basic massages to the Chocolate Hot Stone Massage." *Id*. ¶ 10.  During the massage, "[t]he spa technician placed a hot stone directly on Dwayne['s] back and right away Dwayne began to feel the penetrating heat and pain.  The spa technician removed the stone." *Id*. ¶ 11.  "Dwayne told the spa technician about his injury.  The spa technician did not do anything to render first aid to Dwayne and there was no emergency protocol posted." *Id*.  "Dwayne reported his injury to the front desk.  Dwayne was given gau[z]e and antibiotics by the EMT and they instructed Dwayne to see his private physician and get treatment." *Id*.

Dwayne Day "suffered ... a deep burn to the area in his lower back where the hot stone [was] applied by the spa technician, permanent scarring to his lower back, pain and suffering, los[t] wages, [and] medical expenses." *Id*. ¶ 14.  Defendant's actions "have caused and continue to cause Plaintiffs great mental, physical and nervous pain and suffering.  The Plaintiffs are informed and believe that such injuries will result in some permanent disability to the Plaintiff's health." *Id*.  Plaintiffs assert causes of action for negligence and loss of consortium, and seek damages and attorney's fees.

**B.    Motion to Dismiss or Transfer**

On August 20, 2010, Defendant filed a Notice of Removal in this Court pursuant to 28 U.S.C. §§ 1332(a) and 1441(a).  (ECF No. 1).

On August 27, 2010, Defendant filed the Motion to Dismiss or Transfer.  (ECF No. 4).  Defendant contends that this action should be dismissed because "there is no proper basis for this Court to assert personal jurisdiction over ... Defendant" and "there is no proper basis for venue within the Southern District of California."  (ECF No. 4-1 at 7).  Alternatively, Defendant contends that the case should be transferred to the District of Nevada pursuant to 28 U.S.C. § 1404(a).  Defendant submits an affidavit from a Vice-President of Harrah's Operating Company, Inc., which states that "Defendant Harrah's Las Vegas, Inc. is a Nevada

1  corporation, with its principal place of business in Nevada," and Defendant "does not have
2  offices in California, does not conduct business in California, does not have employees in
3  California, does not own property in California, and does not have a registered agent for
4  service of process in California."  (Holloway Decl. ¶¶ 3-4, ECF No. 4-3 at 2).

5        On September 29, 2010, Plaintiffs filed a response in opposition to the Motion to
6  Dismiss or Transfer.  (ECF No. 12).  Plaintiffs contend that "Defendant Harrah's Las Vegas
7  Inc. and Harrah's Rincon San Diego personally invited Plaintiffs to stay at their hotel in Las
8  Vegas using their Total Rewards points accumulated by playing at Harrah's Rincon in San
9  Diego, California."  *Id.* at 2.  Plaintiffs contend that the Court has personal jurisdiction over
10 Defendant because "Harrah's Las Vegas is doing business and has minimum contacts with
11 California through Harrah's Rincon," and "Harrah's Rincon and Harrah's Las Vegas are one
12 and the same.  These entities are engaged as subsidiaries, partners and affiliates to the ...
13 company Harrah's Entertainment, Inc., doing business in California including but not limited
14 to a 'Total Rewards' program for their customers."  *Id.* at 3, 10.  Plaintiffs submit numerous
15 exhibits, including affidavits from each Plaintiff and brochures for "Harrah's Rincon San
16 Diego North" which reference a "Total Rewards" program that applies in "nearly 40 casinos
17 coast-to-coast."  (ECF No. 12-3 at 2, 3).

18       On October 6, 2010, Defendant filed a reply in support of the Motion to Dismiss or
19 Transfer and objections to Plaintiffs' evidence.  (ECF No. 13).

20 **II.   Discussion**

21       **A.   Personal Jurisdiction**

22       "In opposition to a defendant's motion to dismiss for lack of personal jurisdiction, the
23 plaintiff bears the burden of establishing that jurisdiction is proper."  *Boschetto v. Hansing*,
24 539 F.3d 1011, 1015 (9th Cir. 2008) (citation omitted).  In the absence of an evidentiary
25 hearing, "the plaintiff need only make a prima facie showing of the jurisdictional facts."  *Id.*
26 (quotation omitted).  "Uncontroverted allegations in the plaintiff's complaint must be taken as
27 true.  Conflicts between the parties over statements contained in affidavits must be resolved
28 in the plaintiff's favor."  *Id.* (quotation omitted).

The exercise of personal jurisdiction over a nonresident defendant must be authorized under the state's long-arm statute and must satisfy the due process clause of the United States Constitution. *See Pac. Atl. Trading Co. v. M/V Main Express*, 758 F.2d 1325, 1327 (9th Cir. 1985). "California's long-arm statute is co-extensive with federal standards, so a federal court may exercise personal jurisdiction if doing so comports with federal constitutional due process." *Boschetto*, 539 F.3d at 1015; *see also* Cal. Civ. Pro. Code § 410.10. Due process requires that a defendant have such "minimum contacts" with the forum state that the exercise of jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1954). Under due process analysis, a defendant may be subject to either general or specific personal jurisdiction. *See Helicopteros Nacionales de Columbia, S.A. v. Hall,* 466 U.S. 408, 414 (1984).

### 1.    General Personal Jurisdiction

In the context of general jurisdiction, minimum contacts exist where a defendant has 'substantial' or 'continuous and systematic' contacts with the forum state, even if the case is unrelated to those contacts." *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1171 (9th Cir. 2006) (quoting *Helicopteros*, 466 U.S. at 415). "This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (citation omitted).

Plaintiffs contend that this Court may exercise personal jurisdiction over Defendant Harrah's Las Vegas because "Harrah's Rincon and Harrah's Las Vegas are one and the same. These entities are engaged as subsidiaries, partners and affiliates to the ... company Harrah's Entertainment, Inc., doing business in California including but not limited to a 'Total Rewards' program for their customers." (ECF No. 12 at 10).

"The existence of a relationship between a parent company and its subsidiaries is not sufficient to establish personal jurisdiction over the parent on the basis of the subsidiaries' minimum contacts with the forum." *Doe v. Unocal Corp.*, 248 F.3d 915, 925 (9th Cir. 2001) (citation omitted). "Nonetheless, if the parent and subsidiary are not really separate entities,

or one acts as an agent of the other, the local subsidiary's contacts with the forum may be imputed to the foreign parent corporation.  An alter ego or agency relationship is typified by parental control of the subsidiary's internal affairs or daily operations." *Id.* at 926 (quotation omitted); *see also Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 591 (9th Cir. 1996) ("A parent corporation's relationship with its subsidiary may confer personal jurisdiction over the parent if the subsidiary is acting as the parent company's alter ego, so as to justify disregard of the corporate entity.").

The Complaint contains no allegations concerning Harrah's Rincon or Harrah's Entertainment.  Plaintiffs have submitted no evidence contradicting Defendant's evidence indicating that "Defendant Harrah's Las Vegas, Inc. is a Nevada corporation, with its principal place of business in Nevada," and Defendant "does not have offices in California, does not conduct business in California, does not have employees in California, does not own property in California, and does not have a registered agent for service of process in California." (Holloway Decl. ¶¶ 3-4, ECF No. 4-3 at 2).  Plaintiffs have submitted evidence indicating that "Harrah's Las Vegas and Harrah's Rincon in San Diego are part of the Harrah's Entertainment corporate/parent company umbrella," and that Harrah's Las Vegas and Harrah's Rincon "are branded under the Harrah's brand recognition process" and share the "Total Rewards program."  (Hawkins Decl. at 2-3, ECF No. 12-8 at 3-4).  This evidence is insufficient to establish that the Harrah's entities at issue have anything other than a "relationship between a parent company and its subsidiaries." *Doe*, 248 F.3d at 925; *see also Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 459 (9th Cir. 2007) ("It is well established that, as a general rule, where a parent and a subsidiary are separate and distinct corporate entities, the presence of one, i.e., Wärtsilä NA, in a forum state may not be attributed to the other, i.e., Wärtsilä.").  Plaintiffs have failed to satisfy their burden of alleging or proving that Defendant Harrah's Las Vegas is "not really separate entities" with, or "acts as an agent of," Harrah's Rincon and/or Harrah's Entertainment, Inc.  *Doe*, 248 F.3d at 926.

The Court concludes that Plaintiffs have failed to show that Defendant has "substantial" or "continuous and systematic" contacts with California sufficient to subject Defendant to

general personal jurisdiction in this Court.  *Helicopteros*, 466 U.S. at 415; *see also Cubbage v. Merchant*, 744 F.2d 665, 667-68 (9th Cir. 1984) (finding no general jurisdiction over out-of-state doctors where 26% of their patients were California residents, they were reimbursed through the State of California medical insurance program, and they advertised in the California yellow pages); *Jonathan Browning, Inc. v. Venetian Casino Resort, LLC*, No. C-07-3983, 2007 WL 4532214, at *3 (N.D. Cal., Dec. 19, 2007) (no general personal jurisdiction in California over Las Vegas hotel and casino despite "the Venetian's advertising and marketing scheme in California, the Venetian's website, and the large percentage of Californian customers").

### 2.   Specific Personal Jurisdiction

A court exercises specific personal jurisdiction over a defendant where "the cause of action arises out of or has a substantial connection to the defendant's contacts with the forum." *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.,* 284 F.3d 1114, 1123 (9th Cir. 2002) (citation omitted); *see also Holland Am. Line Inc.*, 485 F.3d at 460 ("Unlike general jurisdiction, specific jurisdiction is tethered to a relationship between the forum and the claim.") (citation omitted).  The Court of Appeals for the Ninth Circuit analyzes specific jurisdiction according to a three-prong test:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Boschetto*, 539 F.3d at 1016 (quotation omitted).  "The plaintiff bears the burden on the first two prongs.  If the plaintiff establishes both prongs one and two, the defendant must come forward with a compelling case that the exercise of jurisdiction would not be reasonable." *Boschetto*, 539 F.3d at 1016 (quotation omitted).

In their opposition brief, Plaintiffs contend that "Defendant Harrah's Las Vegas Inc. and Harrah's Rincon San Diego personally invited Plaintiffs to stay at their hotel in Las Vegas

using their Total Rewards points accumulated by playing at Harrah's Rincon in San Diego,

California." (ECF No. 12 at 2). Each Plaintiff submitted an affidavit which states:

> 4. Harrah's Las Vegas and Harrah's Rincon San Diego ... casinos are engaged in a 'Total Rewards' program for their customers. Harrah's Las Vegas and Harrah's Rincon share The Loyalty Card Program under 'Total Rewards.'
>
> 5. I obtained membership in the Total Rewards program over 5 years [ago] at Harrah's Rincon San Diego. This Total Rewards program is sponsored by Harrah's in San Diego and Harrah's in Las Vegas.
>
> 6. One of the primary reasons for getting this membership was because Harrah's Rincon had encouraged me through their commitment to give points earned in San Diego and redeemable elsewhere or vice versa. I was interested because I was informed I would be able to redeem my points in casinos across the nation. The points I earned could be redeemed at Harrah's Las Vegas. I had observed on many advertisement publications from Harrah's Rincon San Diego and at Harrah's Las Vegas similar flyers, posters and brochures, encouraging their customers to play in San Diego, [and] earn points that could be redeemed in Las Vegas....
>
> 7. I went to Harrah's Las Vegas and stayed at the Harrah's Las Vegas to enjoy my 13th wedding anniversary on or about June 29, 2008.... I checked into the Harrah's Las Vegas hotel. After playing at the casino, my wife and I decided to get a massage that had been advertised by Harrah's Las Vegas and Harrah's Rincon in a very inviting way. One advertisement stated, the Spa services would 'enhance ... well being and melt away stress.' The Harrah's Las Vegas technician placed a burning river rock stone onto my back causing the deeply [scarred] impression in my lower[] back from the severe burn.

(Dwayne Day Decl. ¶¶ 4-7, ECF No. 12-9 at 2; *see also* Juana Day Decl. ¶¶ 4-6, ECF No. 12-10 at 2 (same)).[1]

### a.   Purposeful Availment or Direction

"Purposeful availment analysis turns upon whether the defendant's contacts are attributable to his own actions or solely to the actions of the plaintiff. Purposeful availment requires some kind of affirmative conduct by the defendant which allows or promotes the transaction of business within the forum state." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 840 (9th Cir. 1986) (citations omitted). "A purposeful direction analysis ... is most often used in suits sounding in tort.... A showing that a defendant purposefully

---

[1] Defendant's objections to Plaintiffs' affidavits are overruled. (ECF No. 13-2 at 16-21).

directed his conduct toward a forum state ... usually consists of evidence of the defendant's actions outside the forum state that are directed at the forum...."  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802-03 (9th Cir. 2004) (citation omitted).  "The Supreme Court has held that due process permits the exercise of personal jurisdiction over a defendant who 'purposefully direct[s]' his activities at residents of a forum, even in the 'absence of physical contacts' with the forum."  *Id*. at 803 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)).

Plaintiffs' affidavits state that Defendant Harrah's Las Vegas actively participates in the Total Rewards program, which includes direct solicitation at Harrah's Rincon "encouraging their customers to play in San Diego, [and] earn points that could be redeemed in Las Vegas." (Dwayne Day Decl. ¶ 6, ECF No. 12-9 at 2).  The hot stone massage which allegedly injured Dwayne Day "had been advertised by Harrah's Las Vegas and Harrah's Rincon."  *Id*. ¶ 7.  This evidence is sufficient to make a prima facie showing that Defendant Harrah's Las Vegas purposefully directed its activities to California and California residents who, like Plaintiffs, patronize Harrah's Rincon and participate in the Total Rewards program.  *See Decker Coal Co.*, 805 F.2d at 840 (holding that "if the defendant directly solicits business in the forum state, the resulting transactions will probably constitute the deliberate transaction of business invoking the benefits of the forum state's laws.").

### b.    Arises Out Of Forum-Related Activities

"[A] claim arises out of the forum-related activities if it would not have happened but for the forum-related activities."  *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 271 (9th Cir. 1995); *see also Doe*, 248 F.3d at 924 (same).  Defendant's forum-related activities identified in Plaintiffs' evidence is participation in the "Total Rewards" program and advertisements.  Plaintiffs have made a prima facie showing that Plaintiffs would not have stayed at Harrah's Las Vegas and requested a hot stone massage but for Defendant's forum-related activities, i.e., participation in the "Total Rewards" program and advertisements in California.  *See Shute v. Carnival Cruise Lines*, 897 F.2d 377, 386 (9th Cir. 1990) ("[W]e conclude that the Shutes' cause of action arose out of Carnival's contacts with Washington.

The evidence is clear that Carnival's solicitation of business in Washington attracted the Shutes (through their travel agent) to the Carnival cruise. In the absence of Carnival's activity, the Shutes would not have taken the cruise, and Mrs. Shute's injury would not have occurred. It was Carnival's forum-related activities that put the parties within tortious striking distance of one another.") (quotation omitted), *reversed on other grounds by Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585 (1991)

### c.    Reasonableness

"For jurisdiction to be reasonable, it must comport with fair play and substantial justice." *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1088 (9th Cir. 2000) (citing *Burger King*, 471 U.S. at 476). The reasonableness determination requires the consideration of the following factors:

> (1) the extent of the defendant's purposeful interjection into the forum state, (2) the burden on the defendant in defending in the forum, (3) the extent of the conflict with the sovereignty of the defendant's state, (4) the forum state's interest in adjudicating the dispute, (5) the most efficient judicial resolution of the controversy, (6) the importance of the forum to the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum.

*Id.* (citing *Burger King*, 471 U.S. at 476-77). The Supreme Court has "explicitly place[d] upon the defendant the burden of demonstrating unreasonableness and requires the defendant to put on a 'compelling case.'" *Id.* (quoting *Burger King*, 471 U.S. at 477).

Defendant contends that "[w]ithout a sufficient nexus between the nonresident and the forum state, it would be unreasonable and unfair to require ... Defendant to appear locally to conduct a defense." (ECF No. 4-1 at 16). Defendant does not address the *Burger King* reasonableness factors, and does not submit evidence related to them. The evidence in the record indicates that Defendant's California contacts are limited to advertising at Harrah's Rincon related to the Total Rewards program and spa services. However, in the absence of any showing related to the remaining reasonableness factors, the Court finds that Defendant has failed to make a "compelling case" that the exercise of jurisdiction over Defendant by this Court is unreasonable. *Burger King*, 471 U.S. at 477.

The Court concludes that Plaintiffs have made a prima facie showing that this Court may exercise specific personal jurisdiction over Defendant. The motion to dismiss for lack of

1   personal jurisdiction is denied.

2       **B.    Venue**

3       Defendant moves to dismiss on the basis that venue is improper in the Southern District

4   of California.  Venue is proper in this District if Defendant "resides" in this District.  28 U.S.C.

5   § 1391(a)(1).  "For purposes of venue under this chapter, a defendant that is a corporation shall

6   be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the

7   time the action is commenced."  28 U.S.C. § 1391(c).  Since Plaintiffs have established a prima

8   facie case that Defendant is subject to personal jurisdiction in this District, the motion to

9   dismiss for improper venue is denied.

10      **C.    Motion to Transfer**

11      Defendant moves for transfer of this action to the District of Nevada pursuant to 28

12  U.S.C. § 1404(a).  Section 1404(a) provides that "[f]or the convenience of parties and

13  witnesses, in the interest of justice, a district court may transfer any civil action to any other

14  district or division where it might have been brought."  28 U.S.C. § 1404(a).  The purpose of

15  § 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants,

16  witnesses and the public against unnecessary inconvenience and expense."  *Van Dusen v.*

17  *Barrack*, 376 U.S. 612, 616 (1964) (internal citations and quotation omitted).  The statute

18  requires a court to consider the convenience of the parties and witnesses and the interests of

19  justice.  *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 499 (9th Cir. 2000).  To undertake

20  this analysis of "convenience" and the "interests of justice," a district court weighs "multiple

21  factors," including the plaintiff's choice of forum, the contacts relating to the plaintiff's cause

22  of action in the chosen forum, the convenience of witnesses, the ease of access to sources of

23  proof, the State that is most familiar with the governing law, the differences in the costs of

24  litigation in the two forums, and the relevant public policy.  *Id*. at 498-99.  The party moving

25  for a transfer pursuant to § 1404(a) bears the burden of showing that another forum is more

26  convenient and serves the interest of justice.  *See id*. at 499.  "The defendant must make a

27  strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."  *Decker*

28  *Coal Co.*, 805 F.2d at 843.  "Rather than relying on vague generalizations of inconvenience,

the moving party must demonstrate, through affidavits or declarations containing admissible evidence, who the key witnesses will be and what their testimony will generally include." *Cochran v. NYP Holdings, Inc.*, 58 F. Supp. 2d 1113, 1119 (C.D. Cal. 1998) (citing *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979)).

Defendant contends that this case should be transferred to Nevada because "every act and every breach of duty are all tied to Nevada." (ECF No. 4-1 at 18). Defendant submits an affidavit from defense counsel which states, "I am informed and believe that the likely witnesses to the incidents alleged in the Complaint, including the employees of Harrah's Las Vegas Hotel, and any physical evidence are naturally located in Las Vegas, Nevada." (Giusso Decl. ¶ 4, ECF No. 4-2 at 2).

Plaintiffs contend that "[t]he expense and inconvenience of maintaining this lawsuit in a judicial district in Nevada would be unduly burdensome, costly and a hardship to Plaintiffs." (ECF No. 12-1 at 16). Plaintiffs list the names and locations of seven medical providers in southern California who are "witnesses that have treated Plaintiff Dwayne Day for the injuries he sustained." *Id.* at 17.

It is undisputed that the alleged negligence occurred in Nevada. However, Defendant has made only "vague generalizations" regarding the key witnesses and the other relevant § 1404 factors. *Cochran*, 58 F. Supp. 2d at 1119. Defendant has not specifically identified the key witnesses, and has not specified whether any of the witnesses are not current employees of Defendant. *Cf. Tamashiro v. Harvey*, 487 F. Supp. 2d 1162, 1171 (D. Hawaii 2006) ("Claims regarding the difficulty of compelling these witnesses to testify or inconvenience must be discounted as five of the six witnesses are Defendant's current employees whom Defendant can compel to testify.") (citations omitted). By contrast, Plaintiffs have specifically listed seven non-party witnesses in southern California relevant to the issue of Plaintiff Dwayne Day's injuries and medical treatment. The Court concludes that Defendant has failed to satisfy its burden of demonstrating that Nevada is a more convenient forum and transfer to Nevada would serve the interests of justice. The motion to transfer pursuant to § 1404(a) is denied.

**III.     Conclusion**

IT IS HEREBY ORDERED that the Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(2) and (3), or in the Alternative, to Transfer Venue is DENIED.  (ECF No. 4).

DATED:  November 2, 2010

**WILLIAM Q. HAYES**
United States District Judge